IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KRISTINE-LEE HARDWICK-LEWIS, <br><br> Plaintiff, *pro se*, <br><br> v. <br><br> BROCK & SCOTT, PLLC, *et al.*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 8:25-cv-01578-LKG <br> ) <br> ) Dated:  December 17, 2025 <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM OPINION

**I.     INTRODUCTION**

In this civil action, the Plaintiff, *pro se*, Kristine-Lee Hardwick-Lewis as the Trustee of the KLH Revocable Living Trust, appears to bring Section 1983, constitutional law and state law claims against the Defendants, Brock & Scott, PLLC; John A. Ansell III; Brennan Ferguson; John C. Hanrahan; Unknown Agents of Brock & Scott; Wanda Jean Dixon; Maria C. Scott; Creatus Adult Assisted Living; and Harvey West Auctioneers ("Harvey West"), arising from the foreclosure sale of a property located in Prince George's County, Maryland.  *See generally* ECF No. 7.  Defendant Harvey West has moved to dismiss the claims brought against it in the amended complaint, pursuant to Fed. R. Civ. P. 12(b)(6).  ECF No. 8.  This motion is fully briefed.  ECF Nos. 8, 8-1, 18 and 19.  No hearing is necessary to resolve the motion.  L.R. 105.6 (D. Md. 2025).  For the reasons that follow, the Court: (1) **GRANTS** Defendant Harvey West's motion to dismiss (ECF No. 8) and (2) **DISMISSES** the Plaintiff's claims against Defendant Harvey West.

**II.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**[1]

**A.  Factual Background**

In this civil action, the Plaintiff appears to bring Section 1983 claims against the Defendants arising from the foreclosure sale of a property located in Prince George's County,

---

[1] The facts recited in this memorandum opinion are taken from the amended complaint; the Defendant's motion to dismiss and the memorandum in support thereof; the Plaintiff's response in opposition; and the Defendant's reply thereto.  ECF Nos. 7, 8, 8-1, 18 and 19.

Maryland. *See generally* ECF No. 7. Specifically, the Plaintiff asserts the following five claims against the Defendants in the amended complaint: (1) Section 1983-denial of procedural due process (Count I), (2) Section 1983-constructive fraud under color of law (Count II), (3) unlawful seizure and interference with trust property (Count III), (4) Section 1983-retaliation and abuse of process (Count IV) and (5) Section 1983-deprivation of property rights through judicially facilitated private action (Count V). *Id.* at ¶¶ 25-41. As relief, the Plaintiff seeks, among other things, to recover compensatory and punitive damages, attorneys' fees and costs from the Defendants. *Id*. at Prayer for Relief.

## The Parties

Plaintiff *pro se* Kristine-Lee Hardwick-Lewis is a resident of the State of Florida and she is the Trustee for the KLH Revocable Living Trust. *Id.* at ¶ 5.

Defendant Brock & Scott, PLLC is a North Carolina law firm that conducts business in Maryland. *Id.* at ¶ 6.

Defendant John A. Ansell III is an attorney licensed in Maryland and a former Brock & Scott, PLLC employee. *Id.* at ¶ 7.

Defendant Brennan Ferguson is an attorney employed by Brock & Scott, PLLC. *Id.* at ¶ 8.

Defendant John C. Hanrahan is an attorney employed by Brock & Scott, PLLC. *Id.* at ¶ 9.

Defendant Wanda Jean Dixon is an attorney. *Id.* at ¶ 11.

Defendant Maria C. Scott is the individual who currently occupies the property at issue in this case. *Id.* at ¶ 12.

Defendant Creatus Adult Assisted Living is a private business entity operated by the Defendant Maria C. Scott. *Id.* at ¶ 13.

Defendant Harvey West is a private entity that conductions auctions. *Id.* at ¶ 14.

## Background

As background, this civil action arises from a foreclosure proceeding before the Circuit Court for Prince George's County, Maryland, that resulted in the court-ordered sale of certain residential property (the "Property") located in Prince George's County, Maryland. *Id.* at ¶¶ 15-24; ECF No. 8-1 at 1. The Plaintiff is the Trustee for KLH Revocable Living Trust ("KLH").

2

ECF No. 7 at ¶¶ 5 and 15.  During the foreclosure sale involving the Property, certain personal property of KLH was also sold.  *Id.* at ¶¶ 16 and 40; ECF No. 8-1 at 1.

In the amended complaint, the Plaintiff alleges that Defendant Harvey West auctioned the Property during the foreclosure sale and that the foreclosure proceedings and sale were improper, because, among other things, the foreclosure notices were defective, no hearing was held and her constitutional objections were ignored.  ECF No. 7 at ¶ 14; ECF No. 8-1 at 5; ECF No. 18. at 2.  The Plaintiff also alleges that "Harvey West Auctioneers participated in facilitating the forced sale or seizure process despite the existence of unresolved jurisdictional and procedural objections" that she raised regarding the foreclosure proceedings.  ECF No. 7 at ¶ 23.

Relevant to the pending motion to dismiss, the Plaintiff alleges that Defendant Harvey West "facilitated the forced sale of [the Property] under judicial authority while procedural defects remained unresolved."  *Id*. at ¶ 40.  The Plaintiff also alleges that "[t]his conduct contributed to the unconstitutional deprivation of [her] property rights."  *Id*. at ¶ 41.

Given this, the Plaintiff contends that Defendant Harvey West and the other Defendants in this case, "acting under color of state law, deprived [her] of her rights secured by the Due Process Clause of the Fourteenth Amendment and Article 24 of the Maryland Declaration of Rights."[2]  *Id*. at ¶ 25.  And so, the Plaintiff brings Section 1983, constitutional law and state law claims against the Defendants and she seeks, among other things, declaratory and injunctive relief, and to recover monetary damages and costs from the Defendants.  *Id*. at Prayer for Relief.

**B.  Relevant Procedural History**

The Plaintiff commenced this civil action on May 15, 2025.  ECF No. 1.  On June 13, 2025, the Plaintiff filed an amended complaint.  ECF No. 7.

On July 7, 2025, the Defendant Harvey West filed a motion to dismiss the amended complaint, pursuant to Fed. R. Civ. P. 12(b)(6), and a memorandum in support thereof.  ECF No. 8 and 8-1.  On September 8, 2025, the Plaintiff filed a response in opposition to the Defendant

---

[2] The Plaintiff also alleges that Defendants Brock & Scott, PLLC, and attorneys employed by the law firm, including Defendants John A. Ansell III, Brennan Ferguson, John C. Hanrahan and Wanda Jean Dixon, deprived her of procedural due process by engaging in unlawful conduct related to the foreclosure sale.  ECF No. 7 at ¶¶ 6-11 and 25-33.  In addition, the Plaintiff alleges that the Defendants Maria C. Scott and Creatus Adult Assisted Living unlawfully seized and interfered with the KLH's property and engaged in retaliatory litigation.  *Id.* at ¶¶ 12-13 and 34-39.

Harvey West's motion. ECF No. 18. Defendant Harvey West filed a reply brief on September 19, 2025. ECF No. 19.

Defendant Harvey West's motion to dismiss having been fully briefed, the Court resolves the pending motion.

## III. LEGAL STANDARDS

### A. Rule 12(b)(6)

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl.Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when "the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). When evaluating the sufficiency of a plaintiff's claims under Fed. R. Civ. P. 12(b)(6), the Court accepts factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005) (citations omitted). But, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet*, 591 F.3d at 255. And so, the Court should grant a motion to dismiss for failure to state a claim if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *GE Inv. Private Placement Partners II, L.P. v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989)).

### B. Section 1983

Title 42, United States Code, Section 1983 provides a mechanism for individuals who have had their constitutional rights violated to seek a remedy against individual state actors. *See* 42 U.S.C. § 1983 (providing that if any person acting "under color of any statute, ordinance, regulation, custom, or usage, of any State" deprives a United States citizen of any constitutional right, that person may be liable in a suit for money damages). To state a claim under Section 1983, a plaintiff must allege: (1) a deprivation of a right secured by the Constitution or laws of the United States; and (2) that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011). And so, "it is well-established that [a] plaintiff may only bring a

Section 1983 claim against persons acting under the color of law for a state, territory, or the District of Columbia." *Haughton v. U.S. Dep't of Homeland Sec.*, No. 20-CV-03189-LKG, 2021 WL 5989210, at *6 (D. Md. Dec. 17, 2021) (citing 42 U.S.C. § 1983); *see also Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (affirming dismissal of a resident's Section 1983 claim because none of the defendants were state actors); *Gilbert v. U.S. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 306 F. Supp. 3d 776, 785 (D. Md. 2018) (dismissing a Section 1983 claim against a defendant who was not a state actor).

Relevant to the pending motion to dismiss, a plaintiff must show that the defendant acted under color of state law—that is, exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law," to establish the second element of a Section 1983 claim. *West*, 487 U.S. at 49 (citations omitted). Whether a defendant exercises such authority is a question of state and local law. *See Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989). The Court must examine all the relevant circumstances to determine "the degree of the Government's participation in the private party's activities." *Goldstein v. Chestnut Ridge*, 218 F.3d 337, 342 (4th Cir. 2000) (quoting *Skinner v. Ry. Lab. Execs.' Assoc.*, 489 U.S. 602, 614 (1989)).

In this regard, the Fourth Circuit has considered factors, such as (1) whether government authority uniquely aggravates the injury; (2) the extent and nature of public assistance and benefits afforded to the private entity; (3) the extent and nature of governmental regulation over the institution; and (4) whether the state itself regards the entity as a state actor. *Id.* at 343 (citing cases); *see also Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 939 (1982). Given this, the question is whether the private party's conduct may be fairly attributable to the state based on the totality of the circumstances of the relationship between the private actor and the state. *Peltier v. Charter Day Sch., Inc.*, 37 F.4th 104, 116 (4th Cir. 2022) (citation omitted). And so, purely private conduct, "no matter how discriminatory or wrongful," is not actionable under Section 1983. *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (citations omitted).

The Supreme Court has also identified several situations in which particular conduct by a private entity constitutes "state action."[3]  First, state action may exist when a private entity has a

---

[3] The Supreme Court in *Lugar v. Edmonson Oil Co.* highlighted that the state-action and the under-color-of-state-law requirements are obviously related. *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 928, 930 (1982). Section 1983 cases have consistently treated "under color of law" the same as the "state action"

symbiotic relationship with the government, which occurs where there is "a sufficiently close nexus between the state and the challenged action of the regulated entity such that those actions may be fairly treated as those of the state." *Haavistola v. Comty. Fire Co.*, 6 F.3d 211, 215 (4th Cir. 1993) (citation omitted). This occurs when the private entity is "entwined with government policies" or the government is "entwined in [the entity's] management or control." *Evans v. Newton*, 382 U.S. 296, 299, 301 (1966*)*; *see also Brentwood v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 291 (2001). Second, extensive governmental regulation may trigger state action, but "a state may be held responsible for private conduct only when it has exercised coercive power or has provided such significant encouragement that the action must in law be deemed to be that of the state." *Haavistola*, 6 F.3d at 215 (citing *Blum v. Yaretsky*, 457 U.S. 991, 1004-05 (1982)). Mere regulation over a private entity, without more, does not constitute state action. *Am. Mfrs. Mut. Ins. v. Sullivan*, 526 U.S. 40, 52 (1999); *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 350 (1974).

Third, a private party may engage in state action when it "has exercised powers that are traditionally the exclusive prerogative of the state." *Haavistola*, 6 F.3d at 215 (citing *Blum*, 457 U.S. at 1004-05); *see also Terry v. Adams*, 345 U.S. 461, 468-70 (1953) (finding state action where a private organization administered public elections). In this regard, the Supreme Court has emphasized that:

> The relevant question is not simply whether a private group is serving a "public function." We have held that the question is whether the function performed has been "traditionally the *exclusive* prerogative of the State."

*Rendell-Baker v. Kohn*, 457 U.S. 830, 842 (1982) (quoting *Jackson*, 419 U.S. at 353) (emphasis added by the *Rendell-Baker* Court). And so, the Fourth Circuit "has articulated a number of different factors or tests in different contexts, and the facts which would convert the private party into a state actor [vary] with the circumstances of the case." *Goldstein*, 218 F.3d at 343 (citing *Lugar*, 457 U.S. at 939) (internal quotations omitted).

---

requirement for Fourteenth Amendment due process claims. *United States v. Price*, 383 U.S. 787, 794, n. 7 (1966) (citing cases).

### IV.    ANALYSIS

The Defendant Harvey West has moved to dismiss the Section 1983 claims brought against it in this matter, upon the grounds that: (1) Section 1983 bars the Plaintiff's recovery because it is not a state actor and (2) the Plaintiff fails to state a claim upon which relief can be granted. *See* ECF No. 8-1. And so, the Defendant Harvey West requests that the Court dismiss all claims against it in this case. *Id.* at 7.

The Plaintiff counters in her response in opposition to Defendant Harvey West's motion that the Court should not dismiss these claims, because: (1) Defendant Harvey West acted under color of state law when it sold the Property pursuant to judicial authority and (2) Defendant Harvey West also deprived her of a fair opportunity to challenge the foreclosure sale. *See* ECF No. 18. And so, the Plaintiff requests that the Court deny the Defendant's motion to dismiss. *Id*. at 6.

For the reasons set forth below, a careful reading of the amended complaint shows that the Plaintiff fails to state a plausible Section 1983 claim against Defendant Harvey West. The amended complaint also lacks factual allegations to support the Plaintiff's other claims against Defendant Harvey West. And so, the Court: (1) GRANTS Defendant Harvey West's motion to dismiss (ECF No. 8) and (2) DISMISSES the Plaintiff's claims against Defendant Harvey West.

### A.    The Plaintiff Fails To State A Plausible Section 1983 Claim Against Harvey West

As an initial matter, a careful reading of the amended complaint makes clear that the Plaintiff fails to state plausible Section 1983 claims against Defendant Harvey West in this case. To state a plausible Section 1983 claim, the Plaintiff must allege facts in the amended complaint to show that Defendant Harvey West is either a state actor or acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). But the amended complaint contains no facts to show that Defendant Harvey West is a state actor. ECF No. 7. Rather, it is undisputed in this case that Defendant Harvey West is a private entity. ECF Nos. 1, 8-1 and 18.

The Plaintiff argues in her response in opposition to Defendant Harvey West's motion to dismiss that Defendant Harvey West "acted under color of state law when it carried out the foreclosure sale" of the Property. ECF No. 18 at 1. To support this argument, the Plaintiff alleges in the complaint that Defendant Harvey West "facilitated the forced sale of [the Property] under judicial authority while procedural defects remained unresolved." *Id*. at ¶ 40.

But, as this Court has previously held, such conduct is not akin to acting under color of law within the context of Section 1983. Notably, in *Sikes v. Ward*, this Court held that certain substitute trustees who were involved in a foreclosure action, were not state actors within the context of Section 1983, because the trustees were private parties, unaffiliated with any federal, state or local government entity, and were not acting on behalf of any government. *Sikes v. Ward*, No. TDC-16-4108, 2017 WL 6055686, at *3 (D. Md. Dec. 6, 2017). And so, the Court dismissed the Section 1983 claims brought against certain substitute trustees. *See id; see also Sheard v. Bank of America, N.A.*, No. PJM 10-2963, 2011 WL 3158035, at *2-3 (D. Md. July 25, 2011) (holding that a homeowner could not assert a Section 1983 claim against a bank arising from a foreclosure action, because the bank was enforcing a private contract rather than acting under color of state law.).

Similarly here, the facts alleged in the amended complaint, taken as true, show that Defendant Harvey West is a private party that conducted the foreclosure sale of the Property pursuant to a court order. *See* ECF No. 7. There are no factual allegations in the amended complaint to show that that Defendant Harvey West is affiliated with any governmental entity, or that Defendant Harvey West acted on behalf of any government in connection with this foreclosure sale.[4] *See generally* ECF No. 7. Rather, as Defendant Harvey West explains, Defendant Brock & Scott, PLLC, which is a private law firm, hired Defendant Harvey West to sell the Property, and Defendant Harvey West conducted the foreclosure sale pursuant to that contractual relationship. ECF No. 8-1 at 5. In addition, there are also no factual allegations in the amended complaint that, taken as true, show that Defendant Harvey West had a symbiotic relationship with a government, it was subjected to excessive government regulation, or that it engaged in an act that falls within the exclusive prerogative of a state. *See generally* ECF No. 7.

Given this, the amended complaint simply lacks sufficient factual allegations to support the Plaintiff's Section 1983 claims against Defendant Harvey West. And so, the Court must DISMISS these claims. Fed. R. Civ. P. 12(b)(6).

---

[4] The Plaintiff's reliance upon *Lugar v. Edmonson Oil Co*. is also misplaced. That case involves private individuals who worked jointly with state officials. *Lugar v. Edmonson Oil Co*., 457 U.S. 922, 924-25 (1982). In *Lugar,* the Supreme Court explained that "joint action with a state official to accomplish a prejudgment deprivation of a constitutionally protected property will support a [Section] 1983 claim." *Id.* at 927 n. 6. But, here, the facts in the amended complaint make clear that Defendant Harvey West acted as a private entity when it conducted the foreclosure sale. *See* ECF No. 7 at ¶ 40.

### B. The Plaintiff's Remaining Claims Against Harvey West Are Not Plausible

To the extent that the Plaintiff asserts claims against Defendant Harvey West that are not brought pursuant to Section 1983, those claims are also implausible. While there are very few factual allegations in the amended complaint specifically about Defendant Harvey West, the Plaintiff does allege in Count V of the amended complaint that Defendant Harvey West deprived her of her property rights, because it "facilitated the forced sale of Trust property under judicial authority while procedural defects remained unaddressed." ECF No. 7 at ¶ 40. As discussed above, Defendant Harvey West explains in its motion to dismiss that its involvement in the foreclosure sale was pursuant to a lawful order of the Circuit Court for Prince' Geroge's County. ECF No. 8-1 at 7. Given this, the Plaintiff does not allege facts in the amended complaint to show, or explain how Defendant Harvey West's involvement with the foreclosure sale was unlawful, improper, or deprived her of any property rights. *See generally* ECF No. 7.

But is clear from reading the amended complaint is that the Plaintiff disagrees with the outcome of the Circuit Court of Prince George's County's foreclosure proceedings and the order that allowed for the foreclosure sale to proceed. ECF No. 7 at ¶¶ 17-24. Nonetheless, the Plaintiff's disagreement with the Circuit Court's foreclosure proceedings and Order neither shows that Defendant Harvey West's involvement in the foreclosure sale was improper, nor supports the claims asserted against Defendant Harvey West in the amended complaint. And so, the Court must also **DISMISS** the Plaintiff's remaining claims against this Defendant Harvey West. Fed. R. Civ. P. 12(b)(6).

### V. CONCLUSION

In sum, a careful reading of the amended complaint shows that the Plaintiff fails to state plausible claims against Defendant Harvey West. And so, for the foregoing reasons, the Court:

(1) **GRANTS** Defendant Harvey West's motion to dismiss (ECF No. 8); and

(2) **DISMISSES** the Plaintiff's claims against the Defendant Harvey West.

A separate Order shall issue.

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge